BARNEY, (PARROTT v.) See Case No. 10,-773.

BARNEY, (POWERS v.) See Case No. 11,-361.

BARNEY, (RUSSELL v.) See Case No. 12,-152.

BARNEY, (SCHMEIDER v.) See Case No. 12,462.

BARNEY, (TROOST v.) See Case No. 14,-185.

BARNEY, (UNITED STATES v.) See Cases Nos. 14,524 and 14,525.

## Case No. 1,033.

### BARNEY v. WASHINGTON CITY.

[1 Cranch, C. C. 248.] [1]

Circuit Court, District of Columbia. July Term, 1805.

PARTIES—MISNOMER—PENALTY—JUDGE—DISQUALIFICATION—INTEREST.

1. A warrant to recover the penalty of a by-law, must name the plaintiffs by their corporate name, and must describe the offence with reasonable certainty.

2. The mayor of Washington cannot exercise jurisdiction in a case in which he is a party.

[Cited in Hall v. Washington, Case No. 5,-953.]

At law. Appeal from a justice of the peace on a judgment for a penalty for running a hack, not licensed.

Messrs. Key and Morsell, for appellant, contended, 1st. That the warrant to take Barney to answer to the "corporation," (not calling them by their corporate name,) is void. 2d. That the warrant ought to have stated that Barney was a person residing within the jurisdiction of the corporation.

Mr. Hewitt, for appellee, relied on the seventh section of the act of congress of May 3, 1802, (2 Stat. 195, charter of Washington,) and on the appearance of Barney, without objecting to the jurisdiction, or to the misnomer of the plaintiff.

The warrant was in these words: "District of Columbia, Washington County, to wit:— "You are commanded to take John H. Barney before me, or some other justice of the peace for said county, to answer unto the corporation for running a hack without license, and hereof make return on the 13th day of July. Given under my hand and seal, this 9th day July, 1805. Thomas Peter. (L. S.) To any constable in said county." Indorsed, "July 13th, 1805. Judgment is given in favor of the corporation for $20, and costs 33 cents. Robert Brent. Issue an execution on the above. Robert Brent. The Clerk of Washington County."

[1] [Reported by Hon. William Cranch, Chief Judge.]

The judgment was reversed with costs, because the words "the corporation" are too uncertain; because the defendant is not stated to be the owner of a hack; because the offence is too generally laid; because the judgment is for a double penalty; because the day of the return is not certain, and because judgment was rendered by the mayor of the city of Washington, in a case in which he is a party.

BARNEY, (WESTFALL v.) See Case No. 17,447.

BARNEY, (WILLIAMS v.) See Case No. 17,713.

BARNEY, (WOODRUFF v.) See Case No. 17,986.

BARNEY EATON, The. See Case No. 1,028.

BARNHARDT, (UNITED STATES v.) See Case No. 14,526.